## WILLIAM A. BROWNING V. HART & CO.

The 4th section of the act allowing discounts and set-offs declares: "But should the claim of the plaintiff be reduced to a sum not within the jurisdiction of the court by payment, then judgment shall be given in favor of the plaintiff for the balance due, but the defendant shall recover the costs of the suit." (Paschal's Dig., Art. 3446, Note 797.) Where the reduction was not by payment, but by an account which the defendant held against the plaintiff before he gave his note, and which the plaintiff's agent agreed should be credited on the note, should the evidence be produced, the fact that such an account reduced the principal of the note below $100 did not oust the jurisdiction, nor entitle the defendant to costs.

ERROR from Washington.    The case was tried before Hon. ROBERT E. B. BAYLOR, one of the district judges.

The facts are sufficiently stated in the opinion of the court.    The case was tried on the 21st April, 1860, after the amendment to the 4th section of the law allowing discounts and set-offs had gone into effect.    (Paschal's Dig., Art. 3446, Note 797.)

No brief for the appellant has been furnished to the *Reporter.*

*Sayles & Bassetts,* for the appellees, suggested delay.

WILLIE, J.—This suit was instituted in the court below by Hart & Co. against W. A. Browning, on a promissory note for $120 60. The defendant plead, among other things, that the court ought not to take jurisdiction of the suit, because the note was given in settlement of an open account between defendant and Hart & Co.; that at the time the note was executed he (defendant) insisted that he had paid the first item of the account, amounting to $39 29, and had a receipt therefor; that S. B. Sheegog, the agent of Hart & Co., promised that if defendant had such receipt the amount should be entered as a credit on the note; that

subsequent to the execution of the note defendant sent the
receipt with the money for the true amount due plaintiffs
on said note to said agent, but the same was not accepted
and the matter adjusted by said agent.   He also plead that
he was entitled to a credit upon said note for the said sum
of $39 29, and made the open . account and receipt a part
of his answer.   The facts proved on the trial were substan-
tially as stated in defendant's pleas above set forth, with
these in addition, that when the receipt and money were
sent by defendants to Sheegog, they were returned, because
Sheegog had ceased to be agent for Hart & Co., and that
the receipt was never shown to Hart & Co., or any other
agent of theirs.   The court charged the jury to find for the
plaintiff the amount of the note, with interest, less the
amount of $39 29, and the verdict was in accordance with
the charge.   Judgment was rendered against defendant for
the sum of $100 85 and costs of suit.  The defendant moved
the court to set aside the judgment so far as the costs were
adjudged against him, for the reason that the plaintiff's
claim was reduced by payment to an amount not within
the jurisdiction of the court.

This motion was overruled, and the defendant brings the
case by writ of error to this court. He insists that the court
erred in not dismissing the case for want of jurisdiction,
and also in adjudging the costs against the plaintiff below.

Our statute in reference to discounts and set-offs provides,
that where the  claim of the plaintiff is reduced to a sum
not within the jurisdiction of the court by payment, then
judgment shall be given in favor of the plaintiff for the
balance due, but the defendant shall recover the costs of
the suit.   The claim of the plaintiffs in the case now under
consideration was the promissory note upon which the suit
is brought. The payment plead by defendant was not made
upon this note, nor was it intended as a reduction of the
same.   It was made long previous to the execution of the
note, and formed an equitable claim on the part of defend-

ant to have the amount of the note reduced.   If the open account between plaintiffs and defendant had never been closed by note, and had suit been instituted upon that account, then the claim would have been reduced by payment in such manner as to have required the court to adjudge the costs against the plaintiffs.   But as the payment was made upon the account which formed the consideration of the note, the defense was in the nature of a want of consideration for the note so far as the $39 29 was concerned, and not of a payment made upon it of the character contemplated by the statute.  We are of opinion that the court had jurisdiction of the suit, and that judgment for costs was properly rendered against defendant.  The judgment is

AFFIRMED.